IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VEGO GARDEN INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. |
| HUIZHOU GREEN GIANT TECHNOLOGY CO., LTD., UTOPBAN LIMITED, d/b/a VEGEGA, FOREVER GARDEN. VEGHERB, LLC, d/b/a FRAME IT ALL, TRAFCO LLC, d/b/a GARDEN IN MINUTES, GREAT TENDA CORP. INC, and EPAC FULFILLMENT INC. , | § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

## COMPLAINT

Plaintiff Vego Garden Inc. ("Vego"), by and through its undersigned counsel, files this Complaint ("Complaint") against defendants Huizhou Green Giant Technology Co., Ltd., Utopban Limited, d/b/a Vegega ("Vegega"), Forever Garden, VegHerb, LLC, d/b/a Frame It All, ("VegHerb"), Trafco LLC, d/b/a Garden in Minutes, ("GiM"), Great Tenda Corp. Inc. ("GTC"), and EPAC Fulfillment Inc. ("EPAC"), and alleges as follows:

### I. SUMMARY OF THE ACTION

1. This case involves a deliberate and orchestrated plan by some or all of the Defendants to market and sell raised garden beds and components thereof (the "Accused Products") in this District and throughout the United States that (a) were manufactured with or

that include one or more of Vego's trade secrets, through (b) infringement of Vego's registered copyright, and (c) unfair competition.

2. In particular, Defendants Huizhou Green Giant Technology Co., Ltd. ("Green Giant") and Vegega conspired to misappropriate trade secrets of Vego, utilizing those trade secrets to manufacture and import into the U.S. raised garden bed products that directly compete with Vego. Those products are then imported by Defendants GTC and EPAC and, thereafter, are marketed and sold by Defendant Vegega and by Defendants Forever Garden and Vegherb, the latter of which have had knowledge that such products misappropriate Vego's trade secrets and proprietary information since at least October 2022.

3. Defendants Green Giant and Vegega have further adopted certain features and characteristics of Vego's products that Vego developed only after substantial research and that customers in the metal raised garden bed industry associate with Vego and its products. Defendants' sales of products that incorporate the unique features and characteristics of Vego's products has also created—and is likely to continue to create—a likelihood of confusion as to an affiliation, connection, or association of Defendants with Vego, or as to the origin, sponsorship, or approval of Defendants' raised garden beds by Vego.

4. Defendant Vegega further markets its raised metal garden beds through the unlicensed copying of pictures and text from Vego's website and Instagram account, which pictures and text have been registered with the U.S. Copyright Office, pursuant to the Copyright Act, 17 U.S.C. §400, *et seq.*, and publication of such pictures and text in various advertisements for the Accused Products.

5. Such unlicensed use of Vego's copyrighted materials in marketing Defendant Vegega's products has further created a likelihood of confusion as to an affiliation, connection,

or association of Defendant Vegega with Vego, or as to the sponsorship or approval of Defendant Vegega's raised garden beds by Vego.

## II.   THE PARTIES

### A. Plaintiff Vego

6.     Plaintiff Vego is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1521 Greens Rd. #100 Houston TX 77032. Vego is a leader in the market for metal raised garden beds.

7.     Vego is the owner of the Vego Trade Secrets, as defined herein, having developed this information through its research and development efforts, and the copyrights in the Vego Materials, as defined herein.

### B. The Defendants

8.     Defendant Huizhou Green Giant Technology Co., Ltd. ("Green Giant") is a manufacturer based in China, with its principal place of business at Xiao Ao Tou, Hong Tian Management Area, Xin Yu Zhen, Hui Yang District, Hui Zhou, Guangdong, China.  Green Giant is the manufacturer of raised garden beds for other Defendants.  Green Giant improperly (1) obtained the Vego Trade Secrets from an engineer employed by Vego's manufacturer and (2) utilized the Vego Trade Secrets to manufacture raised garden bed products that are imported into the U.S. for sale by other Defendants.

9.     Defendant Vegega is a limited company organized and existing under the laws of Hong Kong, with its principal place of business at Unit 2 22/F Richmond Comm. Bldg, 109 Argyle Street, Mongkok KL, Hong Kong 999077.  Defendant Vegega operates (or has operated) in the United States from with an office location at 2646 River Ave, Suite #A, Rosemead CA 91770.

10.　　Defendant Forever Garden is a corporation organized and existing under the laws of a state of California, with its principal place of business at 4411 Rowland Ave, El Monte, CA 91731. Forever Garden imports into the United States, sells for importation into the United States, markets, and/or sells within the United States after importation, raised garden beds manufactured by Defendant Green Giant.

11.　　Defendant VegHerb, LLC is a limited liability company organized and existing under the laws of the state of North Carolina, with its principal place of business at 375 E Third Street, Wendell, NC 27591. Vegherb imports into the United States, sells for importation into the United States, and/or sells within the United States after importation, raised garden beds utilizing the Vego Trade Secrets.

12.　　Defendant GiM is a limited liability company organized and existing under the laws of the state of Florida, with its principal place of business at 1367 SW Skyline Loop Fort White, FL 32038. GIM imports into the United States, sells for importation into the United States, and/or sells within the United States after importation, raised garden beds utilizing the Vego Trade Secrets.

13.　　Defendant GTC is a corporation organized and existing under the laws of the state of Colorado, with its principal place of business at 1270 S Bannock St, Denver, CO 80223. GTC imports into the United States raised garden beds utilizing the Vego Trade Secrets for at least Defendant Vegega and, upon information and belief, others.

14.　　Defendant EPAC is a corporation organized and existing under the laws of the state of California, with its principal place of business at 2642 River Ave A, Rosemead, CA 91770. EPAC imports into the United States raised garden beds utilizing the Vego Trade Secrets for at least Defendant Vegega and, upon information and belief, others.

### III.  JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1338 as it asserts claims for copyright infringement. This Court further has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 as it raises federal questions under the Defend Trade Secrets Act, 18 U.S.C.A. §1839 (2021). This Court further has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different States and a citizens of a foreign state, such that no plaintiff is the same citizenship as any defendant.

16. This Court has personal jurisdiction over Defendants based upon these persons' conducting business and/ or committing torts in a manner described more fully herein to establish contacts necessary for the imposition of the jurisdiction of this Court in accordance with the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (Vernon 2021), and Due Process clauses of the fifth and fourteenth amendments to the U.S. Constitution.

17. Pursuant to 28 U.S.C. § 1391(b)(2) and (3), venue is appropriately placed in this District because a substantial portion of the conduct giving rise to the claims occurred in this judicial district, including Defendants' marketing and sale of garden beds utilizing the Vego Trade Secrets alleged herein.

### IV.  OPERATIVE FACTS

#### A. Background

18. Vego was formed in 2020 for the purpose of bringing to market a unique, modular metal garden bed system that utilized eco-friendly metal with a 20+ year life expectancy, instead of milled lumber. The Vego system quickly became the market leader in raised garden beds in the U.S., given its lower cost to maintain ($0.40/foot per year vs. $3/foot per year for wooden

bed systems). In addition to its standard kits, Vego also provides extension kits with individual panels for customers to uniquely customize their garden space. At the time, there were a limited number of distributors in the United States that offered metal raised garden beds, with very limited design offerings that were manufactured from inferior materials.

### A.  Vego's Copyright Registrations

19. Vego is the author and creator of certain text and photographs available as a compilation or collective work or on its website, www.vegogarden.com. On June 23, 2022, Vego filed its registration of its copyright in this work with the Library of Congress, in compliance with 17 U.S.C. §408 (2022). On July 22, 2022, the Library of Congress issued its Registration Number VAu 1-474-544 for this work (the "Vego Website Registration"). (Exhibit 1).

20. Similarly, Vego is the author and creator of certain text and photographs available as a compilation or collective work or on its Instagram page, www.instagram.com/vego_garden/. On June 23, 2022, Vego filed its registration of its copyright in this work with the Library of Congress, in compliance with 17 U.S.C. §408 (2022). On July 22, 2022, the Library of Congress issued its Registration Number VAu 1-474-554 for this work (the "Vego IG Registration"). (Exhibit 2). The original text and images registered in the Vego Website Registration and the Vego IG Registration are collectively referred to as the "Vega Materials."

21. Defendant Vegega has utilized original text and images from the Vego Materials. (Exhibit 3).

### B.  Vego's Trade Secrets

22. Vego has experimented with differing materials for its product. For instance, Vego researched and experimented with one particular type of material for twelve (12) months to determine a material that met this particular need.

23. Vego also has researched the development of an entirely new product line. Vego discussed this new product line with its manufacturer, who has started work for its production,

but has not yet released this new product line.

24. Further, the Vego products' panels require custom-designed equipment to manufacture properly. Vego and its manufacturer worked for over a year to develop this custom equipment, which—prior to its misappropriation by Defendants—was unique in the industry.

25. Further information detailing these and other Vego Trade Secrets misappropriated by Defendants will be disclosed after entry of an appropriate Protective Order to protect such highly confidential information.

26. Vego limits internal access to the Vego Trade Secrets through both physical and electronic security measures and has only disclosed the Vego Trade Secrets (i) to those within Vego with a need to know such information and (ii) to its manufacturer, who has agreed not to disclose such information and, upon Vego's information and belief, imposes obligations on its employees not to disclose such information.

**C.    Vego's Unique Design Aspects**

27. As noted above, Vego recognized an unfulfilled market need and initially developed modular metal raised garden beds in 17" and 32" models that were capable of being configured into unique and differing designs, including, heart shape, U shape and L shape that are new to the market, and utilizing various colors and materials. Vego has its products manufactured in China, based upon designs Vego provides to its manufacturer.

28. Vego creates all of its designs in-house, with a research and development team primarily based in Houston, Texas, led by Vego's CEO. Vego's design process has required a substantial amount of trial and error to achieve the ability to offer a quality product with differing designs in various colors. For instance, Vego experimented with various configurations and design modifications for its products to optimize the product's strength, while maintaining its affordability. These configurations and design modifications were the subject of significant trial and error testing by Vego until Vego ascertained the appropriate configurations and design modifications.

29. Vego further researched specific colors for its products. Based upon this research,

Vego determined that the greatest demand would be for products offered in pearl white, olive green, and modern gray. In addition, Vego's founders also decided to offer their products in British racing green, not based upon any market research but upon the color's being a favorite of Vego's CEO.

30. Consumers in the metal raised garden bed industry have come to associate these unique design elements with Vego's raised garden bed products.

### D. Defendants' Unlawful Actions

31. As detailed more fully below, Defendants, individually or in concert, have committed acts of copyright infringement, trade secret misappropriation, and/or other acts of unfair competition.

#### (1) Acts of Copyright Infringement

32. Defendant Vegega, without license or other authorization or approval of Vego, has utilized original text and images from Vego's website and which are the subject of the Vego Website Registration and Vego IG Registration.

33. In particular, Defendant Vegega is unfairly utilizing the images and text contained in the Vego Website Registration and Vego IG Registration to market its products in direct competition with Vego.

34. Upon information and belief, Defendant Green Giant has worked in active concert with Defendant Vegega to copy and publish within the U.S. the images and text copied from the materials in the Vego Website Registration and Vego IG Registration.

35. Vego has not granted a license or other authorization to Vegega or Green Giant to utilize the Vego Materials registered in either the Vego Website Registration or Vego IG Registration.

#### (2) Acts of Trade Secret Misappropriation

36. Upon information and belief, the Accused Products actually, threateningly, and inevitably incorporate the Vego Trade Secrets without the authority or consent of Vego. Upon information and belief, components of those same products actually, threateningly, and

inevitably incorporate the Vego Trade Secrets without the authority or consent of Vego.

37. The trade secrets that are actually, threateningly, and inevitably incorporated into the Accused Products include Vego's manufacturing know-how, as well as Vego's future planned designs.

38. Upon information and belief, Defendants Vegega's and Green Giant's misappropriation of the Vego Trade Secrets is a coordinated effort involving a former engineer employed by Vego's manufacturer and Defendant Green Giant (the "Engineer").

39. In late October or early November 2021, Vego was experiencing capacity issues with its current manufacturer. The Engineer advised Vego that he believed an alternative manufacturer would have capacity to meet Vego's demand. At Vego's request, the Engineer identified Green Giant as that manufacturer and provided Vego with contact information for Green Giant's management.

40. As a part of its due diligence regarding entering into a potential manufacturing relationship with Green Giant, Vego located Green Giant's Instagram account and noticed that Green Giant was interacting with a number of followers of Vego's Instagram account. Upon further investigation, Vego noticed that a number of pictures of the raised garden beds products posted in Green Giant's Instagram account—and identified as Green Giant products—were identical to Vego's products. Indeed, Green Giant even used the same names created by Vego for those products. Vego also found other similarities in products on Green Giant's website.

41. On November 4, Vego's CEO contacted Green Giant's CEO to inquire about its raised garden bed products.

42. Vego's CEO asked about Green Giant's raised garden bed product line and was advised that Green Giant offered 3 different products lines—8", 17", and 32" models of various sizes and in the same color options as Vego's products.

43. On November 11, Vego advised its manufacturer of Vego's belief that the Engineer had misappropriated Vego's manufacturing know-how, designs and improvements, and future product plans. Upon information and belief, Vego's manufacturer thereafter terminated

the Engineer.

44. Between December 2021 and December 2022, Vego learned of the other Defendants' importing or offering for sale the Green Giant products incorporating the Vego Trade Secrets.

45. Vego never authorized or approved of the sharing of the Vego Trade Secrets with Defendants.

46. Although Vego began developing new product designs included in the Vego Trade Secrets and intends to bring such designs to market, Vego has not yet brought such designs to market.

### (3) Further Acts of Unfair Competition

47. As noted above, Defendant Vegega is utilizing Vego's copyrighted text and photos without license or other authorization to advertise its products in the United States.

48. Such unlicensed use of Vego's copyrighted text and photos has created actual confusion as to an affiliation, connection, or association of Defendant Vegega with Vego, or as to the origin, sponsorship, or approval of Defendant Vegega's raised garden beds by Vego—and is likely to continue to create such confusion.

49. Defendants Vegega and Green Giant have also adopted a number of the unique design aspects of Vego's products, including, but not limited to, the unique wave pattern and materials utilized by Vego and then imported such products through at least Defendants GTC and EPAC. After importation, Defendants Vegherb, Forever Garden, and GiM market and sell these products throughout the U.S.

50. Defendants Vegega and Green Giant have even adopted a unique color specifically chosen by Vego's CEO for its raised garden beds—British racing green. For example, Defendant Vegega markets products in this same color under the name "moss green" and Defendant Vegherb markets products in this same color under the name "emerald green."

51. Defendants' sale of raised garden beds incorporating such unique design aspects has created actual confusion as to an affiliation, connection, or association of Defendants with

Vego, or as to the origin, sponsorship, or approval of Defendants' raised garden beds by Vego—and is likely to continue to create such confusion. In fact, between February and May 2022, Vego received a number of inquiries regarding the status of orders from customers who had placed orders with Defendants and other issues in which it was clear that the customers had believed they had ordered products from Vego, rather than Defendants.

52. All conditions precedent to the assertion of the claims herein have been satisfied or waived.

## FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT

53. Vego incorporates as if fully set forth herein, its averments and allegations in Paragraphs 1-52, above.

54. Vego is the owner of all right, title, and interest in the compilation copyrights for Vego Website Registration and the Vego IG Registration. Vego has filed registrations for such copyrights with the Library of Congress and otherwise complied with all conditions precedent to the assertion of infringement of its copyright in this Complaint.

55. Defendant Vegega, without license or other authorization or approval of Vego, has utilized original text and images from Vego's website and which are the subject of the Vego Website Registration and Vego IG Registration.

56. Upon information and belief, Defendant Green Giant has assisted and participated in Defendant Vegega's use of such original text and images from Vego's website and which are the subject of the Vego Website Registration and Vego IG Registration.

57. Vego has suffered damages as a direct and proximate result of Defendants Vegega's and Green Giant's infringement of Vego's copyrights in an amount to be determined at trial, including, but not limited to, Vego's costs pursuant to 17 U.S.C. §505 (2022).

## SECOND CAUSE OF ACTION
### TRADE SECRET MISAPPROPRIATION—DTSA

58.     Vego incorporates as if fully set forth herein, its averments and allegations in Paragraphs 1-52, above.

59.     As described above, Vego is the owner of certain confidential and proprietary information (i) for which Vego has taken reasonable measures to keep such information secret; and that (ii) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information. Such information, accordingly, meets the definition of trade secret under 18 U.S.C. §1893(3) (2022).

60.     As described above, Defendants Green Giant and Vegega have, without authorization, converted Vego's trade secret information through unauthorized disclosure, copying, and use of such trade secret information, in violation of 18 U.S.C. §1832(a) (2022).

61.     The remaining Defendants, upon information and belief, have without authorization, received, bought, and/or possessed Vego's trade secret information, knowing the same to have been stolen or appropriated, obtained, or converted without authorization.

62.     Vego has suffered damages as a direct and proximate result of Defendants' misappropriation of Vego's trade secrets in an amount to be determined at trial, including exemplary damages and reasonable attorneys' fees pursuant to 18 U.S.C. §1836 (2022).

## THIRD CAUSE OF ACTION
### TRADE SECRET MISAPPROPRIATION—STATE LAW

63.     Vego incorporates as if fully set forth herein, its averments and allegations in Paragraphs 1-52, above.

64.     As described above, Vego is the owner of certain confidential and proprietary

information (i) for which Vego has taken reasonable measures to keep such information secret; and that (ii) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information. Such information, accordingly, meets the definition of trade secret under the Texas Uniform Trade Secrets Act ("TUTSA"), Tex. Civ. Prac. & Rem. Code Ann. § 134A.001, *et seq.* (2022).

65. As described above, Defendants Green Giant and Vegega have, without authorization, converted Vego's trade secret information through unauthorized disclosure, copying, and use of such trade secret information, in violation of the TUTSA. Further, Defendants Green Giant's and Vegega's conduct constitutes the willful and malicious appropriation of Vego's trade secrets, under the TUTSA.

66. The remaining Defendants, upon information and belief, have without authorization, received, bought, and/or possessed Vego's trade secret information, knowing the same to have been stolen or appropriated, obtained, or converted without authorization, in violation of the TUTSA.

67. Vego has suffered damages as a direct and proximate result of Defendants' misappropriation of Vego's trade secrets in an amount to be determined at trial, including exemplary damages and reasonable attorneys' fees pursuant to the TUTSA.

**FOURTH CAUSE OF ACTION**
**UNFAIR COMPETITION—LANHAM ACT**

68. Vego incorporates as if fully set forth herein, its averments and allegations in Paragraphs 1-52 above.

69. As described above, Defendants have utilized in commerce false and misleading advertisements of their products, utilizing Vego's unique design elements and other attributes

that consumers have come to associate with Vego's products.

70. Such false and misleading advertisements have caused confusion and mistake as to the sponsorship, or approval of Defendants' goods, services, or commercial activities by Vego.

71. As a direct and proximate result of Defendants' violations of the Lanham Act, 15 U.S.C. §1125 (2022), *et seq.*, Vego has suffered damages to its commercial interests and business reputation.

### FIFTH CAUSE OF ACTION
### UNFAIR COMPETITION—STATE LAW

72. Vego incorporates as if fully set forth herein, its averments and allegations in Paragraphs 1-52, above.

73. Defendants have utilized in commerce false and misleading advertisements of their products, utilizing Vego's unique design elements and other attributes that consumers have come to associate with Vego's products.

74. Defendants knew, or should have known, that their advertisements of their products were misleading.

75. Such misleading advertisements have caused confusion and mistake as to the sponsorship, or approval of Defendants' goods, services, or commercial activities by Vego.

76. Defendants' conduct has interfered with Vego's ability to conduct its business and caused Vego damages as a direct and proximate result thereof.

### JURY DEMAND

Vego demands a trial by jury on all issues so triable.

### CLAIM FOR RELIEF

WHEREFORE, Vego prays for judgment in its favor and against Defendants, as follows:

a. Compensatory damages in an amount to be determined at trial for Defendants Vegega's and Green Giant's infringement of Vego's copyrights;

b. Compensatory damages in an amount to be determined at trial for Defendants' trade secret misappropriation under federal and state law;

c. Compensatory damages in an amount to be determined at trial for Defendants' unfair competition under federal and state law;

d. Exemplary damages in an amount to be determined at trial, to the extent permitted under law;

e. A judgment awarding Vego restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendants obtained from Vego as a result of their unlawful, unfair and fraudulent business practices described herein;

f. Costs of this action, including reasonable attorneys' fees, to the extent permitted under law;

g. Prejudgment and post-judgment interest to the extent permitted by law; and

h. Any further relief this Court deems just and proper, premises considered.

Date: January 30, 2023							Respectfully submitted,

LOCKE LORD LLP

By: */s/ Bryan G. Harrison*
Bryan G. Harrison
bryan.harrison@lockelord.com
Attorney-in-Charge
TX State Bar No. 09112600
SDTX Bar No. 37158

3333 Piedmont Rd, NE
Terminus 200, Suite 1200
Atlanta, GA 30318
(404) 870-4600—Telephone
(404) 806-5622—Facsimile

*Counsel for Plaintiff
Vego Garden Inc.*

OF COUNSEL:

Michael Wolak III
(*pro hac vice forthcoming*)
michael.wolak@lockelord.com

LOCKE LORD LLP
Terminus 200, Suite 1200
3333 Piedmont Rd NE
Atlanta, GA 30305
Tel: (404) 870-4629
Fax: (404) 806-5622